UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAM YAR MOHAMMED AKRAM,<br><br>Petitioner,<br><br>v.<br><br>CHARLOTTE COLLINS, et al.,<br><br>Respondents. | No. 1:26-cv-06178-DJC-JDP<br><br><br>RELEASE ORDER<br><br>A# 245-594-640 |

Petitioner Alam Yar Mohammad Akram is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No. 1).  The Court has previously addressed the legal issues raised in the Petition.  *See Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK; *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD; *Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CKD; *see also M.B. v. Noem*, 1:26-cv-00005-DJC-AC; *Oli v. Andrews*, No. 1:26-cv-00477-DJC-AC.

Pursuant to 28 U.S.C. § 2243, the Court directed Respondents to file a return showing cause why the Court should not grant a writ of habeas corpus and identify any factual or legal issues in this case that distinguish it from the Court's prior orders. (ECF No. 12.)  In light of the Ninth Circuit's recent decision in *Rodriguez Vazquez v. Bostock*, --- F.4th ---, 2026 WL 2196424 (9th Cir. July 30, 2026), Respondents have conceded that binding precedent establishes a statutory right to a bond hearing.

(ECF No. 13.)  But the Respondents prior release of Petitioner creates a liberty interest that requires pre-deprivation notice and opportunity to be heard.

Accordingly, for the reasons stated the Court's prior decisions, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED for the reasons stated in those prior orders.

Respondents are ORDERED to immediately release Petitioner Alam Yar Mohammad Akram from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

The Clerk of the Court is directed to serve California City Detention Facility with a copy of this Order.

The Clerk of the Court is further directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:  **August 14, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

2